# United States District Court
# Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.  **CR 07-749-VBF** |
| **Defendant**  **Steven Emory Butcher** | Social Security No.  1  8  8  0 |
| akas: Steve Butcher; Steven E. Butcher; Steven Emery Butcher | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| Nov. | 17 | 2008 |

**COUNSEL**  [X] WITH COUNSEL  **Mark S. Windsor, Appointed**
(Name of Counsel)

**PLEA**  [ ] GUILTY, and the court being satisfied that there is a factual basis for the plea.  [ ] NOLO CONTENDERE  [ ] NOT GUILTY

**FINDING**  There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of:

Counts One and Two TIMBER SET A FIRE, in violation of 18 U.S.C. § 1855; Count Three: ALLOWING A FIRE TO ESCAPE FROM CONTROL in violation of 36 C.F.R. §261.5(e); Count Five: VIOLATING FIRE RESTRICTION ORDER BY USING A FIRE in violation of 36 C.F.R. §261.52(a); and Count Six: VIOLATING FIRE RESTRICTION ORDER BY SMOKING in violation of 36 C.F.R. §261.53(c).

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. §3553(a) factors, it is the judgment of the Court that the defendant, Steven Emory Butcher, is hereby committed on Counts 1, 2, 3, 5 and 6 of the Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of forty-five (45) months. This term consists of forty-five months on each of Counts 1 and 2, to be served concurrently to each other, and six (6) months on each of Counts 3, 5 and 6 of the Indictment, to be served concurrently to each other and to the terms in Counts 1 and 2.

It is ordered that the defendant shall pay to the United States a special assessment of $230, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $101,652,000 pursuant to 18 U.S.C. § 3663A.

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| Los Padres National Forest | $101,652,000 |

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $470 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

| USA vs. | United States v. Steven Emory Butcher | Docket No.: | CR 07-749-VBF |
|---|---|---|---|

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with General Order No. 01-05.

All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

The Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment. Prior to the defendant's completion of his sentence, the BOP shall conduct a evaluation of whether the defendant poses a danger to the community to determine whether 18 U.S.C. § 4246 applies to the defendant prior to his release.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions. This term consists of three years on each of Counts 1 and 2, all such terms to run concurrently.

1.  The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2.  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

3.  The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath, and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision;

4.  During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug and alcohol treatment program approved by the United States Probation Office for treatment of alcohol use, narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs or alcohol, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer;

5.  The defendant shall **not** be ordered to pay the costs of treating the defendant's alcohol dependency and psychiatric disorder to the aftercare contractor during the period of community supervision. The defendant does not have the financial means;

6.  Following his release from custody, the defendant shall participate for a period of 12 months in a home detention program which may include electronic monitoring, GPS, or voice recognition and shall observe all rules of such program, as directed by the Probation Officer. He shall participate in home detention if he is living with a family member or in a board and care facility. The defendant shall maintain a residential telephone line without devices and/or services that may interrupt operation of the monitoring equipment;

7.  The defendant shall **not** be ordered to pay the costs of home confinement monitoring to the contract vendor;

8.  The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer;

9.  As directed by the Probation Officer, the defendant shall not spend time in any wildland areas while he is on supervision unless he is accompanied by an immediate family member (defined as first-degree relatives) and the Probation Officer approves of the defendant's visit to wildland areas. Wildland areas include national and state parks, county and regional parks, and tracts of undeveloped land. The definition of "wildland areas" shall be determined by Butcher's Probation Officer;

| USA vs. | **United States v. Steven Emory Butcher** | Docket No.: | CR 07-749-VBF |
|---|---|---|---|

10. While the defendant is on supervision, he shall maintain a stable residence, whether it is in a treatment facility, with a family member, in a board and care facility, or in a community corrections center;

11. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment; and

12. The defendant shall cooperate in the collection of a DNA sample from the defendant.

Pursuant to 18 U.S.C. § 3553(a)(2)(D), the Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for alcohol addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

Pursuant to 18 U.S.C. § 3553(a)(2)(D), the Court authorizes the Probation Officer to disclose the Presentence Report, and/or any previous mental health evaluations or reports, to the mental health treatment provider. The treatment provider may provide information (excluding the Presentence Report), to State or local social service agencies (such as the State of California, Department of Social Services), for the purpose of the client's rehabilitation. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

The defendant is advised of his right to appeal.

The Courts strongly recommends and requests that the defendant be housed in a facility located in Southern California, due to his close family ties.

The Court strongly recommends and requests that the defendant be housed in a facility for treatment in psychiatric care and counseling for mental conditions, including depression and paranoid schizophrenia. Also for medical treatment, including defendant's heart condition, tinnitus, and back pain. The Court further recommends and requests vocational training for defendant.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| November 17, 2008 | *Valerie Baker Fairbank* |
|---|---|
| Date | United States District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| November 24, 2008 | By | Rita Sanchez |
|---|---|---|
| Filed Date | | Deputy Clerk |

| | | | |
|---|---|---|---|
| USA vs. | **United States v. Steven Emory Butcher** | Docket No.: | CR 07-749-VBF |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs. **United States v. Steven Emory Butcher**       Docket No.:  CR 07-749-VBF

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
_____         Deputy Marshal
Date

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court
By _____

| | | | |
|---|---|---|---|
| USA vs. | **United States v. Steven Emory Butcher** | Docket No.: | CR 07-749-VBF |

Filed Date                              Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
         Defendant                                                Date


_____                   _____
U. S. Probation Officer/Designated Witness        Date

# NOTICE PARTY SERVICE LIST

Case No.    **CR 07-749-VBF**    Case Title    United States v. Steven Emory Bucher

**Title of Document**

| | |
|---|---|
| | ADR |
| | BAP (Bankruptcy Appellate Panel) |
| ▓ | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| ▓ | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | MDL Panel |
| | Ninth Circuit Court of Appeal |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| ▓ | PSA - Los Angeles (PSALA) |
| ▓ | PSA - Riverside (PSAED) |
| ▓ | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| ▓ | US Marshal Service - Los Angeles (USMLA) |
| ▓ | US Marshal Service - Riverside (USMED) |
| ▓ | US Marshal Service -Santa Ana (USMSA) |
| ▓ | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| | |
|---|---|
| | ***ADD NEW NOTICE PARTY*** **(if sending by fax, mailing address must also be provided)** |
| Name: | |
| Firm: | |
| Address (*include suite or floor*): | |
| *E-mail: | |
| *Fax No.: | |

\* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |
| |

Rs
**Initials of Deputy Clerk** _____